2009-02307
FILED
May 26, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001853160

The Law Offices of John D. Creedon
John D. Creedon, Esq.
CSBN: 133216
#120-82
4660 Natomas Blvd
Sacramento CA 95835
(916) 515-1512
(916) 515-1519 Fax

Attorney for: Ukrainian Federal Credit Union

THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: VICTOR KRAVCHENKO and TETYANA KRAVCHENKO

Debtor(s)

UKRAINIAN FEDERAL CREDIT UNION

Plaintiff

v.

VICTOR KRAVCHENKO and TETYANA KRAVCHENKO

Defendant(s)

Case No. 2009-22718-C-07

Adversary Number:

COMPLAINT TO DENY DISCHARGE OF DEBT
[11 USC 523 (a) (2) (A)]

## GENERAL ALLEGATIONS

Plaintiff, UKRAINIAN FEDERAL CREDIT UNION, by and through its attorney of record, John D. Creedon, Esq., complaining of the above named Defendant(s) alleges the following:

1. This court has jurisdiction over this controversy under the provisions of 11 U.S.C. 523 (a) (2) (A) and 11 U.S.C. 727.

2. Defendant(s) are debtor(s) in this Chapter 7 case and Plaintiff is a creditor of the above named Defendant(s).

3. Defendant(s) have not been discharged under 11 U.S.C. 727.

4. This is an adversary proceeding to deny Debtor's discharge of a debt under the provisions of 11 U.S.C. 523 (a) (2) (A).

## FIRST CAUSE OF ACTION

5. Plaintiff incorporates paragraphs 1 through 4 above as if set forth at length herein

6. Defendant(s) were members of the credit union and as such were granted lines of credit. Within the period of presumptive insolvency and while actually insolvent Defendant(s) accessed those lines of credit.

7. When allowing Defendant(s) to access the lines of credit provided by Plaintiff, Plaintiff did not know that Defendant(s) were insolvent given their past history of paying obligations on time. Plaintiff justifiably relied on Defendant(s)' representations that they were solvent and would continue to repay the sums drawn thereon. Had Plaintiff known of Defendant(s)' insolvency and inability and lack of intent to repay the sums withdrawn, it would have closed the subject lines of credit.

8. In so acting, Defendant(s) acted fraudulently and intentionally to damage Plaintiff by taking funds that they could not and would not repay.

WHEREFORE, Plaintiff prays that:

1. The outstanding debt be determined to be nondischargeable;

2. A money judgment be entered against Defendant(s) in the total sum of $1,809.00th prejudgment interest thereon at the contract rate of 7.25%

3. For an award of court costs and attorney fees;

4. For whatever additional relief the court determines to be just and appropriate

Dated: 5/26/09

JOHN D. CREEDON
Attorney for Plaintiff